■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY NORFLEET, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 10, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing a sentence.

Ordered that the judgment is affirmed.

The prosecution contended at trial that the defendant approached the complainant and offered to sell him some marihuana. When the complainant declined the offer, the defendant ripped a gold chain from his neck, and then hit him with a stick, breaking his arm.

The defendant's testimony was that he had known the complainant for approximately two years. On the day in question, the complainant approached him on the street and asked that the defendant pay him $10 which he owed him. When the defendant failed to pay, an altercation ensued. The complainant then hit the defendant in the back with a stick as the defendant was turning to leave. The defendant turned around, grabbed the stick from the complainant and hit him with it. The blow broke the complainant's arm. The defendant stated that he hit the complainant to prevent the complainant from further continuing to attack him, i.e., in self-defense.

However, both a prosecution witness and a defense witness testified that the defendant struck the complainant as the complainant was backing up. The defendant also testified that he grabbed the stick from the complainant and "hit him back like I supposed to *[sic]*".

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94), and their determination should not be overturned lightly on appeal *(People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was denied a fair trial

due to certain comments made by the prosecutor during summation. He did not, however, register any objection to those portions of the prosecutor's summation of which he now complains and, therefore, he has failed to preserve any legal issues with respect thereto for appellate review *(see,* CPL 470.05 [2]). We decline to address them in the exercise of our interest of justice jurisdiction *(see, People v Salazar,* 112 AD2d 958).

We also find that that defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.